**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:  RALPH V. FURINO, JR.

                                                          Chapter 7
                                                          Case No.   12-29799 (CMG)

            Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

WASSERMAN, JURISTA & STOLZ
Leonard C. Walczyk, Esq.
Attorneys for Debtor

MILSTEAD & ASSOCIATES, LLC
David H. Lipow, Esq.
Attorneys for Creditor Nationstar Mortgage LLC

**CHRISTINE M. GRAVELLE, U.S.B.J.**

**INTRODUCTION**

This matter comes before the Court on the request of Ralph Furino, Jr. ("Debtor") for an award of sanctions based on the alleged bad faith of Nationstar Mortgage, LLP ("Nationstar") in negotiating a loan modification pursuant to this Court's Loss Mitigation Program and Procedures (the "LMP"). The Court grants the request and awards sanctions to the Debtor in the amount of five thousand dollars ($5,000.00).

**JURISDICTION AND VENUE**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and

157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are 11 U.S.C. §105 and Fed. R. Bankr. Proc. 7016 and 9029(b). Pursuant to Fed. R. Bankr. P. 7052, the Court issues the following findings of fact and conclusions of law.

## BACKGROUND

In August 2012, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code simultaneously filing a Notice of Request for Loss Mitigation which proposed a monthly adequate protection payment of $2,829.42 ("Request"). Receiving no objection from Nationstar, this Court entered an Order on August 24, 2012, ("Order") granting the Request and directing Debtor and Nationstar to participate in loss mitigation. Consistent with Section VI of the LMP, the Order set forth deadlines for the parties to request, exchange, and review the information necessary to make a determination as to the viability of a loan modification.

Although Debtor filed a "Designation of Contact Person" in accordance with the Order, it is unclear as to whether Nationstar ever formally designated a contact person for the purposes of loss mitigation. The Request listed an address for Nationstar and named a local attorney under the section designated as "Creditor's Contact Information." At the outset of the bankruptcy filing, a different attorney, although one from the same law firm, entered her appearance with a request for service of papers on behalf of Nationstar.

Less than a month after entry of the Order, Debtor sent a written proposal for modification

to the mortgagee. He asked Nationstar what it would need from him to evaluate his proposal.[1] The proposal put Nationstar on notice of its duty to negotiate in good faith set forth in section VII. A. of the LMP.

According to Debtor's October 24, 2012 Loss Mitigation Status Report, Nationstar had requested, and Debtor had completed and returned, a Uniform Borrower Assistance Form, Hardship Affidavit, HAMP Monitoring Data Form and Request for Tax Transcript. At Debtor's request, the Court extended the loss mitigation period and scheduled a settlement conference for January 7, 2013. The Court required personal appearances by both Debtor and a representative of Nationstar, and requested the appearance of counsel for both as well. Yet, neither counsel nor a personal representative appeared on behalf of Nationstar. The Court thus re-scheduled the conference for February 25, 2013, and awarded counsel fees to Debtor for Nationstar's failure to appear.[2] Debtor renewed the offer he had made more than three months before the scheduled status conference.

The docket contains no detail regarding specific requests for information (or lack thereof) during the time period from May onward. In August 2013, counsel for both parties appeared before this Court to report on the status of negotiations. No personal representative of Nationstar with settlement authority appeared at the status conference as required by LMP VIII D. Milstead appeared on behalf of Nationstar even though no attorney from that firm had entered an

---

[1] Contrary to the requirements of the LMP, Debtor had received no request for documentation or other information from Nationstar.

[2] At some point, Nationstar began utilizing the firm of Milstead & Associates, LLC ("Milstead") for the purpose of loss mitigation. It is unclear as to when this substitution occurred or how Debtor was noticed of the change, as Milstead did not enter an appearance until Debtor filed his motion for sanctions. It appears that Debtor's counsel was aware of the change, as he forwarded correspondence to an attorney at Milstead on January 10, 2013. In the same month, a different attorney, from the firm that had been representing Nationstar throughout the proceeding, substituted in for the prior attorney.

3

appearance. The Milstead attorney represented that he had just taken over the file from an attorney who had recently left the firm so he knew very little about the status of the modification proposal, but he believed Nationstar still needed information from Debtor. Debtor claimed he had responded to all outstanding requests. The Court ordered Nationstar to provide Debtor with a list of necessary documents as soon as possible and set another status conference for October 1, 2013, requiring an appearance by a personal representative of Nationstar in accordance with the LMP. Debtor's counsel advised that he would be filing a Motion for Sanctions, which the Court agreed to entertain at the October 1st hearing.

Debtor filed the present motion for sanctions on September 6, 2013, returnable at the pre-set October 1st hearing. Nationstar submitted written opposition to the motion the morning of the hearing[3] alleging that Debtor failed to provide adequate documentation to enable Nationstar to assess a loan modification and failed to make adequate protection payments.[4] The objection did nothing to address the over 13-month delay in the loss mitigation process, choosing instead to focus on the history of the negotiations after the August 27th hearing.

Once again, no personal representative of Nationstar appeared at the October 1st hearing. The Court waited for counsel to arrange for his client's telephonic appearance. It became apparent to the Court that the parties had not reached the point at which a decision could be made on a loan modification. Following discussion, the Court instructed Nationstar to provide Debtor with a definitive and final demand for the information needed to assess the Debtor's request for a

---

[3] D.N.J. LBR 9013-1(d)(1) provides that "[a]ll answering papers and cross-motions shall be filed and served at least 7 days before the return date."

[4] In fact, Nationstar had been rejecting Debtor's adequate protection payments for approximately three months, stating that the payments were returned as insufficient to resolve the delinquency on his account. At oral argument, Nationstar corrected its allegation of default in its Amended and Supplemented Reply to Debtor's Motion for sanctions.

4

modification. Nationstar represented that it would conduct an immediate review, notify Debtor of the information needed, and reach a decision on modification within one week. Based on those representations, the Court adjourned the motion for sanctions to the following week and directed that all parties appear personally if a decision could not be reached.

At the hearing the following week, Nationstar confirmed that it had received all of the information it needed to propose a modification and that it needed until the end of the day to make a proposal. Nationstar offered a trial modification to Debtor's counsel later that night. The trial modification reduces Debtor's monthly payments by more than $200.00 per month. The Debtor complains that the offer is a trial and not a permanent modification, claiming that the offer is made in bad faith and is sanctionable.

## DISCUSSION

### A. **Bad Faith**

This Court created an LMP and established procedures for its implementation by General Order dated July 29, 2011. The following year, the Court incorporated the LMP into its Local Rules.[5] See LBR 4001-5. The LMP was implemented in response to the rising number of residential foreclosure actions filed in this state. It provides a forum for mortgagors and mortgagees to resolve foreclosure actions, or potential foreclosure actions. See LMP §1.

The LMP includes a detailed outline of the loss mitigation process. A party must specifically request use of the LMP. If the request is made by a debtor, it must set forth the amount of adequate protection payments to be made during the loss mitigation period. See LMP §V.A.1. The LMP provides a time period for objections to the request and an opportunity to be

---

[5] The full text of the LMP is posted on the Court's website at www.njb.uscourts.gov.

heard.  See LMP §V.D.  If no objection is filed, or if an objection to the implementation of the LMP is overruled, the Court enters a Loss Mitigation Order ("LMO").  See LMP §VI.A.  The LMO sets deadlines for the designation of contact persons and the exchange of information.  See id. §VIII.A.  It requires that the parties attending loss mitigation sessions or court appearances have full settlement authority.  See LMP §VIII. D. It also requires periodic status reports.  See id., §VII.C.

Participation in the LMP does not require loan modification, it requires the parties to work toward an acceptable resolution whenever possible so as to keep debtors in their homes.  *In re: A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 384 (S.D.N.Y.2011) (holding that parties cannot be forced to make a settlement offer and cannot be coerced into a settlement by the court).  At the same time, it allows debtors to make affordable mortgage payments.  Any agreement reached during loss mitigation must be approved by the court.  See LMP §X.

The LMP is not mandatory, unless it is ordered by the court after notice and a hearing.  But once the LMO enters, parties must negotiate in good faith or be subject to sanctions.  See LMP § VII. A.

Nationstar did not object to Debtor's request for participation in the LMP.  It did not object to the proposed adequate protection payments.[6]  Nationstar began the document request process with Debtor, but did not comply with other provisions of the LMP.  Its designation of contact persons, if made at all, was confusing at best.  Nationstar's attorney of record was not the same person or firm as the firm that handled document requests or negotiations, or that appeared

---

[6] Debtor proposed making 100% of his monthly mortgage payment as adequate protection instead of paying 60% as allowed by the LMP.   See LMP §VII.B.   This, even though his home had a negative equity of approximately $22,000.00.

6

on Nationstar's behalf at the final status conferences. Nine months into the LMP, although Nationstar still had not responded to Debtor's proposal, it refused to accept Debtor's court-approved mortgage payments.

The Court extended the loss mitigation period numerous times, rescheduled the February 25th status conference six times, extended loss mitigation into August 2013 and held at least one telephone conference in which Nationstar agreed to outline for Debtor the information it needed to complete its review of his modification request. As late as September 2014, Nationstar had neither provided Debtor with an outline of information needed nor responded to his offer.

Nationstar, its attorney, or both failed to appear at a minimum of three conferences.[7] Another status conference was delayed while the Court waited for Nationstar's attorney to contact his client and instruct his client to participate by telephone. Decisions regarding loan modifications cannot be made if the decision makers do not show up. Thirteen months after entry of the LMP, and more than a year after Debtor submitted his modification proposal to Nationstar, the mortgagee finally responded. Most of the activity during the 13 month period appears to have occurred during the last two weeks of the period, and only as a result of pressure from the Court.

The Court finds Nationstar's lack of responsiveness and failure to appear at status conferences to violate its duty to participate in the LMP in good faith. That said, Debtor's unhappiness with Nationstar's proposal is not indicative of bad faith, in itself, nor does the duty to negotiate in good faith guarantee a positive outcome.

---

[7] The docket shows status conferences rescheduled each month. The majority of the scheduled conferences does not show appearances by either party and the record is not clear as to why they were rescheduled with such frequency. It appears that a number of conferences were held as telephone conferences, with a record of at least one report of Nationstar's failure to provide Debtor with a list of documents it had committed to providing the previous month. This report coincided with Nationstar's refusal to accept adequate protection payments.

### B. Sanctions

The Code authorizes courts to issue any order, process or judgment necessary or appropriate to carry out its provisions.  See 11 U.S.C. §105.  Similarly, the Federal Rules of Bankruptcy Procedure (the "Rules") authorize courts to issue any just order when a party or its attorney fails to participate in an action in good faith.  See Fed. R. Bankr. Proc. 7016.  These provisions address the inherent power of the courts, based on practical necessity, to regulate their dockets to promote the orderly and expeditious disposition of cases.  See *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir.2000), citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Oliveri v Thompson*, 803 F2d 1265 (2d Cir, 1986), *cert. denied*, *Suffolk County v Graseck*, 480 US 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); *In re Bambi*, 492 B.R. 183 (Bankr. S.D. N.Y. 2013);  *In re Kozich*, 406 B.R. 949 (Bankr. S.D. Fla. 2009).

The Rules also address situations in which there is no controlling law or rule, and authorize a judge to regulate practice in any manner consistent with federal law, federal and local rules, and official forms.  See *In re Chaussee*, 399 B.R. 225 (9th Cir. BAP 2008); *Miller v. Cardinale* (*In re Deville*), 280 B.R. 483, 495–96 (9th Cir. BAP 2002). 11 U.S.C. §105(a); Fed. R. Bankr. Proc. 9029(b).  The primary purpose of all court rules is to secure the just, speedy and inexpensive determination of every action and proceeding.  See Fed. R. Civ. Proc. 1, Fed. Bankr. R. Proc. 9032.

This power may be used to require parties acting in bad faith to pay for the opposing party's attorney's fees. See *Miller v. Cardinale*, *infra,* 280 B.R. at 494.

8

Debtor supplemented his Motion for Sanctions with an Affidavit of Services prepared by his counsel. The Affidavit outlines charges for attorney time and expenses from the filing of the case through October 1, 2013, totaling $13,517.30. Nationstar did not object to the fees. The Court's review of services performed shows that Debtor incurred $6,060.00 in counsel fees after the Court awarded fees in January 2013, including the preparation of the motion for sanctions. Because the time included travel and entries for services that the Court believes would have been necessary to complete the negotiations in any event, the Court will award $5,000.00 to Debtor to be paid by Nationstar. The award is meant to encourage active, good faith participation in the LMP.

Dated: February 26, 2014            **/S/Christine M. Gravelle**
                                    United States Bankruptcy Judge